LIEF PARKE LLP
Richard E. Parke
Jason A. Lief
200 Park Avenue, Suite 1700
New York, NY 10166
(646) 632-3744

*Counsel for Eva Marie Beale*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| |
|---|
| EVA MARIE BEALE, |
| |
| Plaintiff, |
| |
| v. |
| |
| REDBUBBLE, INC. and |
| TP APPAREL LLC |
| |
| Defendants. |

Case No. 1:21-cv-5756

**JURY TRIAL DEMANDED**

---

## COMPLAINT

Eva Marie Beale ("Beale"), for her Complaint against Defendants Redbubble, Inc.

("Redbubble") and TP Apparel LLC ("TP") (collectively, "Defendants"), alleges as follows:

### NATURE OF THE ACTION

1.      This action for trademark infringement and unfair competition under the Lanham

Act, 15 U.S.C. § 1114 and § 1125(a), and New York law relates to Defendants' unlawful

appropriation of Beale's registered and common law trademarks in selling merchandise online.

2.      Defendants Redbubble and TP have, without Beale's authorization or permission,

used certain of her federally registered marks—e.g., GREY GARDENS, LITTLE EDIE, and

STAUNCH—in connection with products Defendants have created, had manufactured, offered

1

for sale, marketed, distributed, advertised for sale, and sold on their websites, and are having manufactured, offering for sale, marketing, distributing, advertising, and selling such products throughout the United States, including in this District. Such impermissible and unauthorized use of these marks creates a likelihood of confusion and an association between Beale and Defendants in consumers' minds. As a result, to protect the goodwill that Beale has established in the marks listed below, Beale brings these claims for trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114; unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and trademark infringement and unfair competition under New York law. As described below, Beale seeks to (a) recover actual and statutory damages, as well as Defendants' profits, (b) enjoin Defendants' unlawful acts under her registered and common law trademark rights, and (c) other relief, including attorneys' fees and costs.

## THE PARTIES

3.      Beale is an individual residing at 29 Renz Road, Mill Valley, CA 94941. Beale maintains the retail website www.greygardensoffical.com and owns federally registered trademarks and service marks in multiple classes for the terms GREY GARDENS, EDITH BEALE, LITTLE EDIE BEALE, LITTLE EDIE, STAUNCH LITTLE EDIE, and STAUNCH.

4.      Redbubble is a Delaware corporation that, upon information and belief, has its principal place of business at 111 Sutter Street, 17th Floor, San Francisco, CA 94104.

5.      TP is a New York limited liability company that, upon information and belief, has its principal place of business at 37 East 18th Street, 4th Floor, New York, NY 10003.

6.      Upon information and belief, Redbubble and TP are both wholly-owned subsidiaries of the Redbubble Group.

## JURISDICTION AND VENUE

7.     This action arises under the trademark laws of the United States, 15 U.S.C. § 1051 et seq., and under trademark and unfair competition statutory and common law. This Court has subject matter jurisdiction under at least 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because this action arises under federal trademark law. This Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367.

8.     Upon information and belief, this Court may exercise general personal jurisdiction over Redbubble because it is doing business in this forum. Further, there is specific personal jurisdiction in this forum because Redbubble is voluntarily transacting business in this District, offering products to consumers in this District, operating a fully interactive retail website that allows consumers from this District to browse and purchase infringing products, and, upon information and belief, shipping and selling products, including infringing products, in and to this District. By way of illustration, counsel for Plaintiff has purchased infringing product from Redbubble's website and directed that such product be sent to New York—where it was received.

9.     This Court may exercise personal jurisdiction over TP because its principal place of business is located within this District, it does business in this District, and it has committed acts of infringement and unfair competition at issue in this Complaint in this District.

10.     Venue is proper in this District under 28 U.S.C. § 1391 because TP's principal place of business is located within this District, Redbubble and TP do business in this District, and Redbubble and TP have committed acts of infringement at issue in this Complaint in this District.

## FACTS COMMON TO ALL COUNTS

### The Beale Trademarks

11.    Beale has promoted and used the term "Grey Gardens" in commerce since 2002. She has expended and continues to expend substantial resources in developing her online retail business at www.greygardensofficial.com, as well as to promote and sell such products under the marks asserted in this action throughout the United States. Through this website, Beale sells a variety of goods aimed at recreating and honoring the style and taste of Edith Bouvier Beale.

12.    Edith Bouvier Beale was a famous New York socialite in the middle part of the last century, and plaintiff Beale is married to Edith Bouvier Beale's nephew. The Bouvier Beale family is related to Jacqueline Bouvier Kennedy Onassis and Caroline Lee Bouvier Radziwill. Edith Bouvier Beale and her mother (Edith Ewing Bouvier Beale) were the subjects of the critically acclaimed documentary *Grey Gardens* (1975). The term "Grey Gardens" originally referred to the East Hampton, New York estate that the Beale family owned. In 2010, the Library of Congress selected the documentary *Grey Gardens* for preservation in the United States National Film Registry as being "culturally, historically, or aesthetically significant . . . ." *See Hollywood Blockbusters, Independent Films and Shorts Selected for 2010 National Film Registry*, Library of Congress (available at https://www.loc.gov/item/prn-10-273/2010-national-film-registry-announced/2010-12-28/).

13.    Beale wrote a book about Edith Bouvier Beale entitled *Edith Bouvier Beale of Grey Gardens: A Life in Pictures* (2008) and edited Edith Bouvier Beale's childhood diary, entitled *I Only Mark The Hours That Shine ~ Little Edie's Diary 1929* (2010). *See, e.g.,* https://greygardensofficial.com/collections/grey-gardens-books. The title of the second book

confirms that Edith Bouvier Beale was also known as "Little Edie" (and her mother was "Big Edie").

14.    HBO Films, in 2009, made a film about Grey Gardens that starred the actresses Drew Barrymore as "Little Edie" Beale and Jessica Lange as "Big Edie" Beale. This second film likewise won significant critical acclaim, including six Emmys and two Golden Globes. *See* https://www.hbo.com/movies/grey-gardens.

15.    There was also a "Grey Gardens" musical, based on the 1975 documentary of the same title, that debuted on Broadway in October 2006. *See* https://www.playbill.com/production/grey-gardens-walter-kerr-theatre-vault-0000010036. The musical won three Tony Awards in 2007 and was nominated for seven others. *Id*.

16.    After Edith Bouvier Beale's passing in 2002, plaintiff Beale inherited certain pieces of jewelry and other items from the estate and began selling them under the name "Grey Gardens Treasures."

17.    Soon thereafter, in or about 2003, Beale continued growing her business and began selling replica items inspired by Edith Bouvier Beale's possessions. Beale began using the term "Grey Gardens Collections" as a trade name in 2007 and still operates an unincorporated retail business under this trade name.

18.    Beale has continuously used the term "Grey Gardens" to identify her goods since she began promoting her business in 2002.

19.    Beale launched her retail website, www.greygardenscollections.com, in or about February 2008 (that site currently redirects to https://greygardensofficial.com/).

20.    There has been substantial unsolicited media coverage of "Grey Gardens" and "Little Edie." Examples of such coverage includes:

- Gail Sheehy, *A Return to Grey Gardens*, New York Magazine, Oct. 26, 2006 (available at https://nymag.com/arts/theater/features/23484/);

- Jennifer Modenessi & Paul Burgarino, *Riches of the Imagination Abound in Beales' New "Grey Gardens" Book*, East Bay Times, Jan. 22, 2008 (updated Aug. 17, 2016) (available at https://www.eastbaytimes.com/2008/01/22/riches-of-the-imagination-abound-in-beales-new-grey-gardens-book/);

- *From Piles of Scraps, a Feast*, N.Y. Times, Books Section, Jul. 27, 2008 (available at https://archive.nytimes.com/query.nytimes.com/gst/fullpage-9901E2D81E3FF934A15754C0A96E9C8B63.html);

- Somer Flaherty, *Family History Lives On*, Marin, Nov. 25, 2008 (available at https://marinmagazine.com/people/family-history-lives-on/);

- Heidi Benson, *Nephews Chris, "Bouve" Like Grey Gardens Saga*, S.F. Gate, Apr. 8, 2009, (updated Feb. 8, 2012) (available at https://www.sfgate.com/entertainment/article/Nephews-Chris-Bouve-like-Grey-Gardens-saga-3163981.php#taboola-1);

- *Little Edie's Enduring Legacy*, Huffington Post, Aug. 9, 2010, (updated Dec. 6, 2017) (available at https://www.huffpost.com/entry/little-edies-enduring-leg_b_673776);

- Tony Bravo, *The Grey Gardens Family Legacy*, S.F. Chron., May 9, 2016, (available at https://www.sfchronicle.com/style/article/The-Grey-Gardens-family-legacy-7393957.php);

- Corey Kilgannon, *"Staunch Characters" Battle Over Painting of Jacqueline Kennedy Onassis*, N.Y. Times, Feb. 15, 2018 (available at https://www.nytimes.com/2018/02/15/nyregion/jackie-kennedy-onassis-painting-lawsuit.html);

- Hannah Selinger, *Grey Gardens Wine Built On Beale Legacy*, 27 East, Feb. 22, 2018 (available at https://www.27east.com/food-drinks/grey-gardens-wine-built-on-beale-legacy-1386503/);

- Hannah Selinger, *Channel Grey Gardens With This Locally Made Rosé*, Edible East End, Jul. 16, 2019 (available at https://www.edibleeastend.com/2019/07/16/drink-grey-gardens-rose/);

- Adrienne Gaffney, *A Debutante Delayed: Little Edie Beale's Life After Grey Gardens*, Town & Country, Sep. 2, 2020 (available at https://www.townandcountrymag.com/society/tradition/a33595154/little-edie-beale-life-after-grey-gardens/);

- *Eva Beale Grey Gardens Collection*, Black Tie Magazine (available at http://blacktiemagazine.com/jewelry/Eva_Beale_Grey_Gardens_Collection.htm;

- *Grey Gardens*, Southwark Playhouse, Gallery (showing a brooch from Plaintiff's website being worn by the actress playing Little Edie, which was a replica made from the original worn in the *Grey Gardens* documentary) (available at https://www.southwarkplayhouse.co.uk/archive2016/grey-gardens/#tab-2-5); and

- *Grey Gardens Revisited*, DuJour (available at https://dujour.com/style/grey-gardens-documentary-edith-bouvier-beale/.

21.     Through extensive and continuous use of the term "Grey Gardens" to identify Beale's products, that term has developed a secondary meaning in the marketplace. In addition to her longstanding and strong common-law rights in the GREY GARDENS mark, Beale applied for and obtained federal trademark registrations on the Principal Register for the term "Grey Gardens" in various international classes, as set forth below:

GREY GARDENS

| U.S. Reg. No. | Reg. Date | International Class No. (Goods/Services) |
|---|---|---|
| 3599590 | Mar. 31, 2009 | 24 (Fabrics) |
| 3599720 | Mar. 31, 2009 | 14 (Jewelry); 24 (Fabrics); 35 (Online retail business) |
| 4139383 | May 8, 2012 | 21 (Dinnerware) |
| 4139384 | May 8, 2012 | 3 (Fragrances, lotions) |
| 4885280 | Jan. 12, 2016 | 25 (Women's clothing) |
| 4992444 | July 5, 2016 | 35 (Online retail business) |
| 5213903 | May 30, 2017 | 4 (Scented candles) |
| 5213906 | May 30, 3017 | 18 (Backpacks) |
| 5223336 | June 13, 2017 | 16 (Paper cards) |
| 5228564 | June 20, 2017 | 33 (Wines) |
| 5349127 | Dec. 5, 2017 | 21 (Tea sets); 30 (Tea) |
| 6228912 | Dec 22, 2020 | 27 (Wallpaper) |
| 6283474 | Mar. 2, 2021 | 28 (Dolls) |

22.     Beale has also, since 2008, promoted and extensively and continuously used in commerce other trademarks associated with the Beale family celebrity and "Grey Gardens" to identify Beale's products. To that end, in addition to her longstanding and strong common-law rights in the EDITH BEALE, LITTLE EDIE BEALE, LITTLE EDIE, STAUNCH LITTLE EDIE, and STAUNCH marks, Beale has obtained federal registrations on the Principal Register for those marks in various international classes, as set forth below:

EDITH BEALE

| U.S. Reg. No. | Reg. Date | International Class No. (Goods/Services) |
|---|---|---|
| 3734747 | Jan. 5, 2010 | 25 (Wraps, scarves) |

LITTLE EDIE BEALE

| U.S. Reg. No. | Reg. Date | International Class No. (Goods/Services) |
| --- | --- | --- |
| 3719667 | Dec. 1, 2009 | 14 (Jewelry); 16 (Gift cards, papers); 25 (Blouses, dresses |

LITTLE EDIE

| U.S. Reg. No. | Reg. Date | International Class No. (Goods/Services) |
| --- | --- | --- |
| 3719620 | Dec. 1, 2009 | 25 (Blouses, dresses, scarves) |
| 5447284 | Apr. 7, 2018 | 18 (Backpacks) |
| 5807277 | July 16, 2019 | 3 (Fragrances ) |
| 6278291 | Feb. 23, 2021 | 28 (Dolls) |
| 6169330 | Oct. 6, 2020 | 14 (Jewelry) |

STAUNCH LITTLE EDIE

| U.S. Reg. No. | Reg. Date | International Class No. (Goods/Services) |
| --- | --- | --- |
| 5192135 | Apr. 25, 2017 | 25 (Clothing) |

STAUNCH

| U.S. Reg. No. | Reg. Date | International Class No. (Goods/Services) |
| --- | --- | --- |
| 5396882 | Feb. 6, 2018 | 16 (Paper, gift cards) |
| 5556114 | Sep. 4, 2018 | 4 (Scented candles) |
| 5727245 | Apr. 16, 2019 | 14 (Jewelry) |
| 5822062 | July 30, 2019 | 3 (Fragrance, cosmetics) |

Attached as **Exhibit A** are true and accurate copies of the Certificates of Registration for the above trademarks and service marks (arranged in the order set forth above; collectively referred to hereinafter as the "Beale Trademarks").

**Defendants' Infringing Activities Concerning the Beale Trademarks**

23.     Defendants Redbubble and TP are in the business of printing and selling merchandise with a wide variety of designs. Upon information and belief: (a) Defendants have online tools that permit their clients (designers whom Defendants call "artists") to (i) create and upload infringing designs and (ii) start a "campaign" on Defendants' websites; (b) the designs

that Defendants print are submitted to them or created online using Defendants' uploader; (c) retail customers order products from Defendants and then pay the respective Defendant (not the designer or artist); and (d) the respective Defendant prints and ships (or has printed and shipped by other parties with whom Defendants contract) to the customers the ordered product(s) with the infringing printing emblazoned or otherwise adhered to or incorporated thereon. Upon further information and belief, Defendants control the appearance and fit of the physical products, including performing quality control, making detailed representations about the products, and instructing any third-party manufacturers (i.e., "fulfillers") to use Defendants' packaging and tags.

24.     The respective Defendant then pays its respective client-designer an agreed-upon percentage of the sales price.

25.     Defendant Redbubble is undoubtedly aware of the Beale Trademarks. Since the middle of 2015, Beale has written numerous emails to Redbubble alerting it of the ongoing infringement of the Beale Trademarks and seeking help in stopping the myriad of infringing designs flooding Redbubble's site. Redbubble agreed to take down designs that Beale identified—tantamount to an admission that such designs were infringements—but never stopped the continuing acts of infringement and refused to remove the Beale's trademarks as search terms. Numerous and continuing acts of trademark infringement continue unabated to this day.

26.     Redbubble and TP are using in commerce one or more of the Beale Trademarks by offering for sale, selling, advertising, manufacturing or having manufactured, distributing, or otherwise commercializing products with the Beale Trademarks (a) affixed to and displayed directly on the article of merchandise itself and/or (b) used as part of the title of products and/or

(c) used in the "tags" that assist searching of Defendants' websites and driving customers to products and/or (d) used as part of the name of an "online retail business" or "internet store."

27.     Below are examples of infringing merchandise and uses of the Beale Trademarks (with URLs—i.e., "uniform resource locators"—below the associated screenshots). These illustrative examples confirm Defendants' unauthorized and illicit use of the Beale Trademarks (i) on Defendants' respective products and (ii) in URLs:



https://www.redbubble.com/i/t-shirt/Ciao-Little-Edie-by-cultthirtythree/67043152.IJ6L0



https://www.redbubble.com/i/t-shirt/Grey-Gardens-by-timetodieoldman/70653926.WFLAH



https://www.redbubble.com/i/t-shirt/Little-Edie-by-AgamByGabs/63169461.WFLAH



https://www.redbubble.com/i/t-shirt/Grey-Gardens-by-ruralmodernist/67642554.WFLAH.XYZ



https://www.redbubble.com/i/t-shirt/Little-Edie-Beal-S-T-A-U-N-C-H-by-3leggeddogg/74381040.WFLAH.XYZ



https://www.redbubble.com/i/t-shirt/Little-Edie-with-Headscarf-and-Brooch-by-gjspring/73340319.WFLAH.XYZ



https://www.redbubble.com/i/framed-print/Ciao-Little-Edie-by-cultthirtythree/67043152.AJ1A3



https://www.redbubble.com/i/sticker/Grey-Gardens-Musical-poster-by-vbrewer91/63345877.EJUG5



https://www.redbubble.com/i/sticker/Grey-Gardens-Little-Edie-by-ThreadDeli/64030779.EJUG5



https://www.redbubble.com/i/notebook/Grey-Gardens-Beware-The-Staunch-by-Quteezs/75091579.RXH2R



https://www.redbubble.com/i/laptop-skin/Grey-Gardens-Beware-The-Staunch-by-Quteezs/75091579.6EA4Y



https://www.redbubble.com/i/mask/Grey-Gardens-Musical-poster-by-vbrewer91/63345877.9G0D8



https://www.redbubble.com/i/mask/Ciao-Little-Edie-by-cultthirtythree/67043152.9G0D8



https://www.redbubble.com/i/top/Grey-Gardens-Beware-The-Staunch-by-Quteezs/75091579.6AQD3



https://www.teepublic.com/t-shirt/4191343-staunch



https://www.teepublic.com/t-shirt/12057069-lil-edies-closet



https://www.teepublic.com/t-shirt/10548317-if-you-stay-edie-you-dont-have-to-get-edie

28.    Beyond affixing the Beale Trademarks to the merchandise and the title of the

merchandise, Defendants' websites also display search "tags" using the Beale Trademarks and/or

confusingly similar variants to bring or otherwise deliver shoppers to numerous pages in their respective online store. Further, the Beale Trademarks are incorporated into the URLs of Defendants' online stores. Examples of these tags and URLs include the following:



https://www.redbubble.com/i/t-shirt/Grey-Gardens-Beware-The-Staunch-by-Quteezs/75091579.IJ6L0.XYZ



https://www.redbubble.com/i/sticker/Grey-Gardens-Musical-poster-by-vbrewer91/63345877.EJUG5



https://www.teepublic.com/t-shirt/10548317-if-you-stay-edie-you-dont-have-to-get-edie



https://www.teepublic.com/t-shirts?query=grey-gardens.

29.    Defendant TP's webpage displayed in the paragraph above also notes to searchers of "grey gardens" that "People also search for: little edie." This exemplifies and reinforces that Defendants are also using the trademarks to steer commerce by actively suggesting to consumers which phrases—including trademarks—to use as search terms and the binding together of all these marks to the story, persona, and brand of Edith Bouvier Beale and Grey Gardens.

## COUNT I
### (Lanham Act Trademark Infringement, 15 U.S.C. § 1114)

30.    Beale repeats and realleges each and every allegation in the preceding paragraphs as though fully set forth herein.

31.    Beale is the owner of the federal trademark registrations for each of the Beale Trademarks.

32.    Defendants have committed trademark infringement by their unauthorized past and continuing usage in commerce of the Beale Trademarks and reproductions, copies, and colorable imitations thereof. That use in commerce includes offering, selling, distributing, advertising, using of tags and search terms, having manufactured, and manufacturing of goods that contain, and providing services under, the Beale Trademarks. All these acts—individually and in combination—are likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of the infringing products, Defendants' services, and Defendants' commercial activities, and thus constitute infringement of the Beale Trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

33.    Defendants are directly, vicariously, and/or contributorily liable for the infringements described above.

34.    The actions of Defendants described above have at all times relevant to this action been willful and/or knowing.

35.    As a direct and proximate result of the actions of Defendants as alleged above, Beale has been and will continue to be damaged and irreparably harmed.

36.    Beale has no adequate remedy at law.

37.    This is an exceptional case under 15 U.S.C. § 1117.

## COUNT II
### (Unfair Competition and False Designation of Origin
### Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a))

38.     Beale repeats and realleges each and every allegation in the preceding paragraphs as though fully set forth herein.

39.     Defendants' actions described above are likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendants' infringing products and commercial activities, and thus constitute trademark infringement, unfair competition, and false designation of origin with respect to the Beale Trademarks in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

40.     Defendants are directly, vicariously, and/or contributorily liable for the actions described above.

41.     The actions of Defendants described above have at all times relevant to this action been willful.

42.     As a direct and proximate result of the actions of Defendants as alleged above, Beale has been and will continue to be damaged and irreparably harmed.

43.     Beale has no adequate remedy at law.

44.     This is an exceptional case under 15 U.S.C. § 1117.

## COUNT III
### (Trademark Infringement and Unfair Competition—New York Law)

45.     Beale repeats and realleges each and every allegation in the preceding paragraphs as though fully set forth herein.

46.     Under New York law, Beale has common law rights in the same trademarks that are federally registered as the Beale Trademarks.

47.     Defendants' use of those trademarks in connection with Defendants' products and services is likely to confuse the public as to the origin, source, or sponsorship of Defendants' goods, or to cause mistake or to deceive the public into believing that Defendants' goods are authorized, sponsored, endorsed, licensed by, or affiliated with Beale, in violation of Beale's rights in and to those trademarks under the common law of the State of New York.

48.     Upon information and belief, Defendants also chose the Beale Trademarks with full knowledge of Beale's prior use of and rights in and to Beale's aforementioned common-law trademarks. By adopting and using the same or a colorable imitation of those trademarks, Defendants have been unjustly enriched and Beale has been damaged.

49.     By misappropriating and trading upon the goodwill and business reputation represented by Beale's trademarks, Defendants have been and, unless enjoined by this Court, will continue to be unjustly enriched at Beale's expense.

50.     Defendants' conduct constitutes unfair competition and trademark infringement under the common law of the State of New York.

51.     The actions of Defendants described above have at all times relevant to this action been willful.

52.     Defendants' conduct has caused and is causing irreparable injury to Beale and will continue to both damage Beale and deceive the public unless enjoined by this Court.

53.     Beale has no other adequate remedy at law.

**WHEREFORE,** Beale prays:

That Beale be awarded damages and other relief as follows:

A.     That this Court declare the substantial rights of Beale as above set forth and declare that the actions and activities of Defendants are infringements that must cease;

B.      That a preliminary and permanent injunction be granted against Defendants, including against acts of infringement and any fraudulent, malicious, misleading, or deceptive statements to any third party, to prevent any further damage to Beale;

C.      In accordance with 15 U.S.C. § 1117(a), that Plaintiff be awarded the profits that Defendants obtained through their infringing use of the Beale Trademarks;

D.      In accordance with 15 U.S.C. § 1117(a), that Plaintiff be awarded treble the actual damages Beale suffered, and the wrongful profits Defendants enjoyed, enhanced as the Court deems appropriate, as well as Beale's costs;

E.      In accordance with New York common law, Beale's actual damages or Defendants' profits;

F.      In accordance with 15 U.S.C. § 1117, prejudgment interest;

G.      Awarding Beale reasonable attorneys' fees and the costs of this action; and

H.      Granting Beale any other and further relief as this Court deems just and proper.

### JURY DEMAND

Plaintiff respectfully demands a trial by jury for all claims so triable.

Dated: July 2, 2021                              Respectfully submitted,

                                                 LIEF PARKE LLP

                                                 */s/ Richard E. Parke*
                                                 Richard E. Parke
                                                 Jason A. Lief
                                                 200 Park Avenue, Suite 1700
                                                 New York, NY 10166
                                                 Tel: (646) 632-3744
                                                 Email: rparke@liefparke.com
                                                        jlief@liefparke.com

                                                 *Counsel for Eva Marie Beale*